(111 App. Div. 770)

## NIAGARA COUNTY IRRIGATION & WATER SUPPLY CO. v. COLLEGE HEIGHTS LAND CO. et al.

(Supreme Court, Appellate Division, Fourth Department. March 7, 1906.)

**1.** NAVIGABLE WATERS—OWNERSHIP OF WATERS—TITLE OF STATE.

The state has no property or ownership in the waters of the Niagara river, within Const. art. 3, § 20, prohibiting the appropriation of public property to private use, without the assent of two-thirds of the members of the Legislature, though it has dominion over the same and power to regulate the use and division thereof.

**2.** SAME—WATER COMPANIES—POWERS—BED OF STREAM—TITLE OF STATE.

Laws 1891, p. 483, c. 259. creating a corporation to maintain a public waterway from a point in the Niagara river and supply water to the villages and inhabitants thereof, merely confers power to do what is necessary to carry out the purpose of the act, without giving the corporation a right to use any property of the state in the bed of the stream.

**3.** STATUTES—APPROPRIATION OF PROPERTY OF STATE—ENACTMENT.

Laws 1891, p. 483, c. 259. creating a corporation for the maintenance of a public way from the Niagara river to supply water to villages and the inhabitants thereof, as the state has no property in the waters of the river, and the act gives no right in any property of the state in the bed of the stream, did not require the assent of two-thirds of the members elected to each branch of the Legislature to its enactment, under Const. art. 3, § 20, providing for such assent to every bill appropriating public property to private use.

Appeal from Special Term, Niagara County.

Proceedings by the Niagara County Irrigation & Water Supply Company against the College Heights Land Company and others to condemn land. From an order denying a motion to dismiss, defendants appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

De Witt V. D. Reiley and James H. Hanson, for appellants.
J. Boardman Scovell, for respondent.

WILLIAMS, J. The order should be affirmed, with costs.

The order was made on presentation of a petition by plaintiff asking to condemn certain real property of the defendants for the construction and maintenance of its works. The defendants filed objections and moved to dismiss the petition. The court, by the order, overruled the objections, denied the motion to dismiss, directed the service of the answers to the petition, and ordered the issues raised by the petition and answers to be tried at the Equity Term of the court. While four objections were made to the petition, it seems that only the fourth one is to be considered on this appeal; the other three having been waived by stipulation of the parties. Both parties so state in their points. The stipulation is not printed in the record, however. The fourth objection is:

"(4) That said act [incorporating plaintiff] is unconstitutional and void, in that said act did not receive the assent of two-thirds of the members elected to each branch of the Legislature which passed the same."

The respondent concedes in its points that the act in question did not receive the assent of two-thirds of such members. The provision of the Constitution alleged to have been violated was section 9, art. 1, of the Constitution of 1846, which is the same as section 20, art. 3, of the present Constitution of 1894, and is as follows:

"Sec. 20. The assent of two-thirds of the members elected to each branch of the Legislature shall be requisite to every bill appropriating the public moneys or property for local or private purposes."

The act in question is chapter 259, p. 483, of the Laws of 1891. The purposes of the corporation, as stated in section 3, are:

"The construction and maintenance of a public water-way from a point in the Niagara river between the west bank of Cayuga creek and the east line of lot 71 of the Mile Reserve, so-called, as may be most convenient, which water-way may be constructed as a canal, ditch or tunnel as shall be necessary and convenient for the proper operation thereof and the uses for which it is constructed. The supplying from said water-way and conduits, ditches, canals, tunnels and pipes leading therefrom of pure and wholesome water to the village of Lewiston and the inhabitants thereof, and to any other city or village now or hereafter located in the towns of Niagara, Lewiston or Porter in the county of Niagara, and the inhabitants thereof. The storage, accumulation, conduct, supply, lease and sale of water for fire, sanitary, municipal, mechanical, commercial or agricultural purposes, including the purpose of irrigation."

Section 4 provides that:

"Said corporation may, for the purposes of its corporation, take water from the Niagara river between the points hereinbefore specified, and may discharge such water into the Niagara river at such points within or adjacent to the towns of Lewiston or Porter as it may select. * * * It may build, erect, construct, dig and lay any canals, raceways, ditches, locks, piers, inlet piers, cribs, bulkheads, dams, gates, sluices, reservoirs, aqueducts, tunnels, conduits, pipes, culverts or other works, machinery or buildings of every kind and description whatsoever, that may be necessary and convenient for any of its purposes."

And the latter part of section 6 provides that the corporation—

"May construct, operate and maintain its said canals and other works for the purposes of said corporation as hereinbefore specified, provided that in case of pipes or tunnels under the waters of the Niagara river they are so laid and constructed as not to interfere with the navigation of said river."

There is no doubt that the purposes of the corporation are local and private. So that the question is narrowed down to the inquiry whether by sections 4 and 6 of the act there was an appropriation of public property for the purposes of the corporation.

1. The state has no property or ownership in the waters of Niagara river within the provision of the Constitution in question, although it has dominion over the same and power to regulate the use and division thereof and encroachments thereon as navigable waters of the state. Sweet v. City of Syracuse, 129 N. Y. 317–334, 27 N. E. 1081, 29 N. E. 289; Waller v. State, 144 N. Y. 579–599, 39 N. E. 680. So far, therefore, as the act may be said to appropriate the water of the river, it does not violate the provision of the Constitution in question.

2. The only question remaining is whether the act permitted the construction of conduits, etc., necessary to take the water from the river so as to appropriate any property in the bed of the river, in violation

of such constitutional provision. The state was in a certain sense the owner of the bed of the river. It held the title, not as a proprietor, but as a sovereign, in trust for the public. Saunders v. N. Y. C. & H. R. R. R. Co., 144 N. Y. 75–85, 38 N. E. 992, 26 L. R. A. 378, 43 Am. St. Rep. 729. There is a view taken of such acts as the one in question, which seems reasonable, that the Legislature does not transfer any title to the bed of the river to the corporation, and does not even license the use thereof, but merely confers the power upon the corporation to do what is necessary to carry out its purposes. It does not confer any right upon the corporation to take or make use of the property of other persons or of the state until it has acquired such property in a legal way. Matter of N. Y. & L. I. Bridge Co., 90 Hun, 312–326, 35 N. Y. Supp. 920, same case reported on appeal, 148 N. Y. 540–555, 42 N. E. 1088. In this view the act is not to be regarded as appropriating any property of the state to the use of the corporation, either in the water or the bed of the stream, in violation of the provision of the Constitution in question. It has designated the general powers of the corporation, and if any property rights are required from the state, involving the appropriation of property, they must still be acquired in a manner provided by law, under the Constitution. We do not think a necessary construction of the act requires us to hold it violates the constitutional provision in question.

Order affirmed, with $10 costs and disbursements. All concur.